UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR FIGUEROA,<br><br>    Plaintiff,<br><br>    v.<br><br>ELIZABETH M. CLERIE, et al.,<br><br>    Defendants. | No. 2:18-cv-3275 JAM DB<br><br><br>ORDER |

    On April 11, 2020, plaintiff Cesear Figueroa filed a motion for default judgment. (ECF No. 15.) On February 17, 2021, the assigned District Judge referred the motion to the undersigned. (ECF No. 17.) Review of plaintiff's motion finds that it is defective in several respects.

    First, plaintiff directed the motion to the assigned District Judge. (ECF No. 15-2.) As noted by the February 17, 2021 minute order, plaintiff's motion should have been directed to the undersigned pursuant to Local Rule 302(c)(19). Second, plaintiff's motion was not noticed for hearing in violation of Local Rule 230.

    Third, "plaintiff failed to first seek a clerk's entry of default, which is required before a plaintiff may move for a default judgment." Marty v. Green, No. 2:10-cv-1823 KJM KJN PS, 2011 WL 320303, at *1 (E.D. Cal. Jan. 28, 2011). See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55.");

1

Bach v. Mason, 190 F.R.D. 567, 574 (D. Idaho 1999) ("Plaintiffs have improperly asked this court to enter a default judgment without first obtaining an entry of default by the clerk. Since plaintiffs' motion for entry of default judgment is improper, it is denied.").

Finally, the undersigned is concerned that plaintiff may have named improper defendants and/or failed to properly serve the defendants. See generally Avitan v. Holder, No. C-10-3288 JCS, 2011 WL 499956, at *6 (N.D. Cal. Feb. 8, 2011) ("Plaintiff does not object to dismissal of Defendant Eric Holder, who is dismissed from the case on the basis that he is not a proper defendant in light of the transfer of authority to make visa determinations from the INS to the Director of USCIS"); Soltan v. Federal Deposit Insurance Corporation, Case No. CV 08-6397 MMM (JWJx), 2009 WL 10699411, at *4 (C.D. Cal. Feb. 17, 2009) ("Under Rule 4(i), a plaintiff suing a federal agency must (1) personally service the United States Attorney for the district in which the action is brought, or his designee, or send a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the United States Attorney's office; and (2) send a copy of the summons and complaint by registered or certified mail to the Attorney General in Washington, D.C.; and (3) send a copy of the summons and complaint by registered or certified mail to the agency defendant.").

Accordingly, IT IS HEREBY ORDERED that plaintiff's April 11, 2020 motion for default judgment (ECF No. 15) is denied without prejudice to renewal of a motion that cures the deficiencies noted above.[1]

Dated: February 19, 2021

*/s/ Deborah Barnes*
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\figueroa3275.mdj.den.ord

---

[1] Plaintiff is advised that, out of an abundance of caution, it is the undersigned's practice to request that a plaintiff seeking default judgment serve all defendants with notice of a motion for default judgment.

2